IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| LARRY TREASTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 05-CV-2061 JWL/DJW |
| | ) |
| HEALTHSOUTH CORPORATION | ) |
| d/b/a MID-AMERICA REHABILITATION HOSPITAL | ) |
|     SERVE:    The Corporation Company | ) |
|                      Registered Agent | ) |
|                      515 South Kansas Ave. | ) |
|                      Topeka, KS 66603 | ) |
| | ) |
| DANIEL R. WILSON, M.D. | ) |
|     SERVE AT:  300 S. Clairborne Rd., #8 | ) |
|                       Olathe, Kansas 66062 | ) |
| | ) |
| REHABILITATION MEDICINE, P.A., | ) |
| A Professional Association | ) |
|     SERVE:    Daniel R. Wilson, M.D., | ) |
|                     Registered Agent | ) |
|                   300 S. Clairborne Rd., #8 | ) |
|                   Olathe, Kansas 66062 | ) |
| | ) |
| K. DEAN REEVES, M.D., | ) |
|     SERVE AT:  4740 El Monte | ) |
|                   Shawnee Mission, KS 66206 | ) |
| | ) |
| and | ) |
| | ) |
| MOHINDER S. PEGANY, M.D., | ) |
|     SERVE AT:  8800 State Line | ) |
|                   Leawood, Kansas 66206 | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

**COMES NOW** the plaintiff, Larry Treaster, by and through his attorneys of record, and for his cause of action against defendants HealthSouth Corporation, doing business as Mid-America Rehabilitation Hospital, Daniel R. Wilson, M.D., Rehabilitation Medicine, P.A., K.

1

Dean Reeves, M.D., and Mohinder S. Pegany, M.D. (hereinafter collectively referred to as "Defendants") hereby states and asserts as follows:

## JURISDICTION & VENUE

1. Jurisdiction is vested in this Court by virtue of 28 U.S.C. § 1332, in that the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

2. Venue is vested in this Court by virtue of 28 U.S.C. §1391, in that jurisdiction is founded upon diversity of citizenship, and the defendants reside, and a substantial part of the events giving rise to this claim occurred, within the district of this Court.

## PARTIES

3. Plaintiff Larry Treaster (hereinafter referred to as "Plaintiff") is an individual and resident of Camden Point, Platte County, State of Missouri.

4. Defendant HealthSouth Corporation (hereinafter referred to as "Defendant HealthSouth") is a foreign corporation duly organized and existing under the laws of the state of Alabama, with its principal place of business located in Birmingham, Alabama.  Defendant HealthSouth is authorized to conduct business in the state of Kansas.  Its designated Registered Agent for service of process is The Corporation Company, Inc., located at 515 South Kansas Avenue, Topeka, KS 66603.

5. At all times relevant hereto, Defendant HealthSouth owned and operated a health care facility known as Mid-America Rehabilitation Hospital, providing care and treatment to patients, including the plaintiff, in Johnson County, Kansas, individually and/or by and through its employees, servants, and/or agents acting within the course and scope of their employment, agency, and/or master servant relationship with defendant HealthSouth.

6. Accordingly, defendant HealthSouth is vicariously liable for the tortuous acts and/or omissions committed by its employees, agents, and/or servants under the doctrine of respondeat superior liability.

7. Defendant Daniel R. Wilson, M.D., (hereinafter referred to as "defendant Dr. Wilson") is a medical doctor specializing in the field of physical medicine and rehabilitation. Defendant Dr. Wilson is currently practicing in Topeka, Kansas, but at the time of the events giving rise to this cause of action he was practicing in Johnson County, Kansas, working as the Medical Director of the defendant HealthSouth's facility known as Mid-America Rehabilitation Hospital, and providing care and treatment in his area of specialty, physiatry, to patients at the hospital, including the plaintiff. Service of process can be effected on defendant by serving him at his current place of business located at 1700 SW 7th St., Topeka, Kansas 66606. Defendant Dr. Wilson is a resident of the state of Kansas.

8. Defendant Rehabilitation Medicine, P.A., (hereinafter referred to as "Defendant Rehabilitation Medicine") is and at all times relevant hereto was a professional association duly organized and existing under the laws of the state of Kansas with its principal place of business located in Johnson County, Kansas. Its designated Registered Agent for service of process is defendant Daniel R. Wilson, located at 300 South Clairborne, Bldg., B, Olathe, Johnson County, KS 66062. At all times relevant hereto, defendant Rehabilitation Medicine provided medical care to patients, by and through its agents and/or employees, to patients (including plaintiff) at the defendant HealthSouth's facility, known as Mid-America Rehabilitation Hospital.

9. At all times relevant hereto, Defendant Rehabilitation Medicine, P.A., provided medical care and treatment to patients, including the plaintiff, at a health care facility known as Mid-America Rehabilitation Hospital, in Johnson County, Kansas, individually and/or by and

3

through its employees, servants, and/or agents acting within the course and scope of their employment, agency, and/or master servant relationship with defendant Rehabilitation Medicine.

10. Accordingly, defendant Rehabilitation Medicine is vicariously liable for the tortuous acts and/or omissions committed by its employees, agents, and/or servants under the doctrine of respondeat superior liability.

11. Defendant K. Dean Reeves, M.D. (hereinafter "Defendant Dr. Reeves") is a medical doctor specializing in the field of physical medicine and rehabilitation. At the time of the events giving rise to this cause of action Defendant Dr. Reeves was practicing medicine and providing medical treatment to patients, including the plaintiff, at the defendant HealthSouth's facility known as Mid-America Rehabilitation Hospital in Johnson County, Kansas. Service of process can be effected on defendant by serving him at his current place of business, 4740 El Monte, Shawnee Mission, KS 66205. Defendant Dr. Reeves is a resident of the state of Kansas.

12. Defendant Mohinder S. Pegany, M.D., (hereinafter "Defendant Dr. Pegany") is a medical doctor specializing in the field of internal medicine. At the time of the events giving rise to this cause of action Defendant Dr. Pegany was practicing medicine and providing medical treatment to patients, including the plaintiff, at the defendant HealthSouth's facility known as Mid-America Rehabilitation Hospital in Johnson County, Kansas. Service of process can be effected on defendant by serving him at his current place of business, 4740 El Monte, Shawnee Mission, KS 66205. Defendant Dr. Pegany is a resident of the state of Kansas.

## FACTS

13. At all times relevant hereto, when defendants provided medical treatment, care and services to plaintiff, they were engaged in a physician/patient or other health care provider / patient relationship with plaintiff.

14. On or about February 3, 2003, plaintiff was admitted for treatment at the defendant HEALTHSOUTH's facility known as Mid-America Rehabilitation Hospital in Overland Park, Johnson County, Kansas.

15. From February 3, 2003, to February 8, 2003, defendants, and each of them, provided medical care to the plaintiff at the defendant HealthSouth's medical facility known as the Mid-America Rehabilitation Hospital.

16. At the time of his admission, and at all times during his stay as a patient at the Mid-America Rehabilitation Hospital, as a result of his closed head injury plaintiff was in a confused state, had difficulty standing, easily lost his balance, and had had several close calls where he fell or nearly fell due to his condition.

17. On or about February 6, 2003, plaintiff's wife requested that the defendants provide a veil bed, or other appropriate restraints to keep plaintiff from getting out of bed and falling and injuring himself.

18. That defendants failed or refused to provide a veil bed, or other appropriate and adequate restraints, or assign a nurse to his room to constantly watch and monitor him, to prevent plaintiff from getting out of bed and falling and injuring himself.

19. On February 8, 2003, at approximately 4:00 p.m., plaintiff, being unrestrained and in a confused state got out of bed and fell, suffering injury, including but not limited to a fractured hip, and re-injuring a prior fracture to his clavicle.

20. Defendants, and each of them, prior to plaintiff suffering injury, knew or, exercising the required standard of care, should or could have known that plaintiff was at high risk of falling and injuring himself.

21. Defendants, and each of them, acting individually, and/or by and through their agents and/or employees, were negligent in rendering healthcare to the plaintiff resulting in his injury on February 8, 2003, as herein alleged.

## **NEGLIGENCE**

22. Defendants, and each of them, owed a duty to plaintiff to use that degree of learning and skill ordinarily possessed and used by members of his or her or its profession and of that school of medicine in the community in which defendants practice, or in similar communities, and under like circumstances. In the application of this skill and learning the defendants were required to use ordinary care and diligence.

23. Defendants, and each of them, beached their aforesaid respective duties and were thereby negligent in providing care to plaintiff in, including but not limited to, one or more of the following respects:

    (a) Defendants failed to order adequate restraints for the plaintiff;
    (b) Defendants negligently failed to provide appropriate and adequate and proper care for Plaintiff; and/or
    (c) Defendants failed to order and install a veil bed for plaintiff;
    (d) Defendants failed to provide timely medical treatment;
    (e) Defendants failed to provide adequate supervision for plaintiff to prevent him from falling;
    (f) Defendants failed to go up the chain of command and obtain the necessary care and treatment for plaintiff;
    (g) Defendants failed to follow and adhere to proper policies, protocols, and procedures with respect to the care and treatment provided to the plaintiff;
    (h) Defendants failed to properly and adequately treat Plaintiff in such other respects as is verily believed will be revealed in the course of discovery in this action.

## DAMAGES

23. As a direct and proximate result of the negligence of defendants, plaintiff was damaged and suffered a fractured hip and he re-injured his clavicle fracture; he has suffered and incurred, and is reasonably expected to suffer and incur in the future: (a) noneconomic loss (including pain and suffering, disability, disfigurement and accompanying mental anguish), (b) past and future medical expenses (including the reasonable expenses of necessary medical care, hospitalization and treatment received and of those reasonably expected to be needed in the future), and (c) economic loss; plaintiff has suffered and will in the future continue to suffer pain, mental anguish and emotional distress, loss of enjoyment of life, disability, impaired mobility, expenses as a result of impaired self-care and mobility, impaired ability to care for himself, and loss of sleep; plaintiff has been forced to seek additional medical treatment and has thereby incurred additional medical costs, including the cost of surgery to repair his hip fracture and physical rehabilitation for his injury.

24. As a direct and proximate result of the negligence of defendant, plaintiff has been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

## LOSS OF CONSORTIUM DAMAGES

25. At all times relevant hereto, plaintiff has been lawfully married to Sheryl Treaster.

26. As a direct and proximate result of the aforesaid damages and injuries to plaintiff, plaintiff has suffered and will in the future continue to suffer the loss and/or impairment of his ability to perform services as a husband, including (a) loss or impairment of his ability to perform services in the household and in the discharge of his domestic duties, and (b) the loss or impairment of plaintiff's companionship, aid, assistance, comfort and society to his spouse.

**WHEREFORE**, plaintiff prays for judgment against defendants for damages in an amount in excess of $75,000.00, exclusive of interest and costs, for his costs herein incurred, for any and all interest allowed under law, and for any and other further relief the court deems just and proper in the premises.

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable in this action.

WATSON & DAMERON, LLP,

s/ Henri J. Watson
By:   Henri J. Watson,    MO# 21423; KS Fed. # 70484
      2500 Holmes Street
      Kansas City, Missouri  64108-2743
      Phone: (816) 474-3350
      FAX:   (816) 221-1636
      Email: hwatson@kctriallawyers.com

s/ Russell S. Dameron
By:   Russell S. Dameron,   MO# 32055; KS Fed. # 70601
      2500 Holmes Street
      Kansas City, Missouri  64108-2743
      Phone: (816) 474-3350
      FAX:   (816) 221-1636
      Email: hwatson@kctriallawyers.com

**ATTORNEYS FOR PLAINTIFF**