**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

```
LARRY TREASTER,                            )
                                           )
                    Plaintiff,             )
       vs.                                 )      Case No. 05CV2061JWL/DJW
                                           )
HEALTHSOUTH CORPORATION, d/b/a             )
MID-AMERICA REHABILITATION HOSPITAL;       )
DANIEL R. WILSON, M.D.;                    )
REHABILITATION MEDICINE, P.A.;             )
K. DEAN REEVES, M.D.; and                  )
MOHINDER S. PEGANY, M.D.,                  )
                                           )
                    Defendants.            )
```

**ANSWER OF DEFENDANT HEALTHSOUTH CORPORATION**
**d/b/a MID-AMERICA REHABILITATION HOSPITAL**
**TO PLAINTIFF'S COMPLAINT**

**COMES NOW** the defendant, HealthSouth Corporation, d/b/a Mid-America Rehabilitation Hospital, and for its answer to plaintiff's complaint for medical negligence, states as follows:

1.     At this time, this defendant is without sufficient knowledge and information to either admit or deny the allegations contained in paragraphs 1, 2 and 3 of the plaintiff's complaint and, therefore, denies the same.

2.     This defendant admits the allegations contained in paragraph 4 of the plaintiff's complaint.

3.     At this time, this defendant is without sufficient knowledge and information to either admit or deny the allegations

contained in paragraph 5 of the plaintiff's complaint and, therefore, denies the same.

4.    This defendant denies the allegations contained in paragraph 6 of the plaintiff's petition and further affirmatively states that it is not vicariously liable for the acts of any other health care provider, as defined by Kansas law.

5.    At this time, this defendant is without sufficient knowledge and information to either admit or deny the allegations contained in paragraphs 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, and 17 of the plaintiff's complaint and, therefore, denies the same.

6.    This defendant denies the allegations contained in paragraph 18 of the plaintiff's complaint.

7.    At this time, this defendant is without sufficient knowledge and information to either admit or deny the allegations contained in paragraphs 19 and 20 of the plaintiff's complaint and, therefore, denies the same.

8.    This defendant denies the allegations contained in paragraph 21 of the plaintiff's complaint.

9.    This defendant admits the allegations contained in paragraph 22 of the plaintiff's compliant.  Further, this defendant affirmatively states that the actions of the defendant corporation and each of its employees were within the appropriate standard of care.

10.   This defendant denies the allegations contained in paragraph 23 and each subparagraph of said paragraph 23 of the plaintiff's complaint.

11.     This defendant denies the allegations contained in paragraph 23 (sic) of the plaintiff's complaint.

12.     This defendant denies the allegations contained in paragraph 24 of the plaintiff's complaint.

13.     At this time, this defendant is without sufficient knowledge and information to either admit or deny the allegations contained in paragraph 25 of the plaintiff's complaint and, therefore, denies the same.

14.     This defendant denies the allegations contained in paragraph 26 of the plaintiff's complaint.

**WHEREFORE**, having fully answered, this defendant requests the plaintiff take naught by his complaint and that this defendant be granted its costs, and such other and further relief as the court deems just and equitable.

### AFFIRMATIVE DEFENSES

15.     This defendant denies each and every allegation of the plaintiff's complaint not specifically admitted.

16.     Plaintiff fails to state a claim upon which relief can be granted against this defendant and as such, said claim should be dismissed as to this defendant.

17.     If the plaintiff was injured or damaged in any way, all such injuries and damages being specifically denied by this defendant, then the actions and inactions of each and every person or party, whether named or unnamed by way of this complaint, should be compared to establish what fault, if any,

is apportionable to this defendant by the trier of fact at the time of trial of this matter.

   18.   The plaintiff's claim may all, or in part, be barred by the applicable statute of limitations.

   19.   This defendant asserts all applicable statutory limitations on damages.

   20.   This defendant reserves the right to add defenses as may become apparent during the process of discovery.

   **WHEREFORE**, having fully answered, this defendant requests the plaintiff take naught by his complaint and that this defendant be granted its costs, and such other and further relief as the court deems just and equitable.

>   **LOGAN & LOGAN, L.C.**
>
>   BY:/s/Scott K. Logan
>        SCOTT K. LOGAN, #10465
>        M. BRADLEY WATSON, #12149
>        JEFF K. BROWN, #17662
>        MATTHEW D. TINNEL, #21024
>        8340 Mission Road
>        Suite 106
>        Prairie Village, KS 66206
>        (913) 381-1121
>        Telefax No. (913) 381-6546
>
>   ATTORNEYS FOR DEFENDANT,
>   HEALTHSOUTH CORPORATION, d/b/a
>   MID-AMERICA REHABILITATION
>   HOSPITAL

**REQUEST FOR TRIAL BY JURY**

This defendant hereby requests a trial by jury in the above captioned cause in accordance with the laws of the State of Kansas.

                                              /s/ Scott K. Logan
                                                **SCOTT K. LOGAN**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing was mailed, by depositing the same in the U.S. mail, postage prepaid, this 7th day of March, 2005, to:

    Henri J. Watson
    Russell S. Dameron
    Watson & Dameron, L.L.P.
    2500 Holmes Street
    Kansas City, MO 64108-2743
    Telefax No. 816/221-1636
    Telephone No. 816/474-3350

    ATTORNEYS FOR PLAINTIFF

                                              /s/Scott K. Logan
                                                **SCOTT K. LOGAN**

F:\word\sdd\hs\treater\answer