GLR/bd

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**LARRY TREASTER,**

              **Plaintiff,**

**v.**

**HEALTHSOUTH CORPORATION, d/b/a**
**MID-AMERICA REHABILITATION**
**HOSPITAL, et al.,**

              **Defendants.**

**CIVIL ACTION**

**No. 05-2061 JWL/GLR**

## ORDER

This matter comes before the Court on Plaintiff's Motion to Limit Number of Defendant Daniel Wilson, M.D.'s Experts to Avoid Cumulative Testimony and Unnecessary Expense and to Extend Deadline to Depose Defendants' Experts (doc. 80). Plaintiff requests that the Court enter an Order limiting Defendant Wilson to one retained expert. He also requests an extension of the deadline to depose Defendant Wilson's experts. For the reasons set forth below, Plaintiff's Motion to Limit Expert Testimony and to Extend Deposition of Defendants' Experts is granted in part and denied in part.

### I.   Introduction and Background

This is a medical negligence case concerning a fall Plaintiff suffered while a patient at Mid-America Hospital. Plaintiff asserts claims against Defendant Healthsouth Corp. d/b/a Mid-America Rehabilitation Hospital and Daniel R. Wilson, M.D. Plaintiff alleges, *inter alia*, that Defendant Wilson failed to take steps necessary to ensure Plaintiff was adequately and properly restrained. Plaintiff claims that if Defendant Wilson had implemented higher levels of restraint or taken other fall prevention measures to protect him

from getting out of bed and falling the injury would not have occurred. Plaintiff argues that since Defendant Wilson did not take such measures it then fell below the standard of care that should have been available to Plaintiff.

## II. Request to Limit Number of Expert Witnesses

Plaintiff requests that the Court limit Defendant Wilson to one retained expert rather than allowing two experts to testify on his behalf. In support of his motion, he argues that allowing both of Defendant Wilson's experts to testify at trial would result in cumulative testimony, unnecessary expense, and unfair advantage for Defendant Wilson. He further argues that no prejudice would result from limiting Defendant Wilson to one expert witness.

The court has discretionary power to limit the number of expert witnesses who may testify upon a given subject.[1] The court generally exercises such discretion to avoid excessive numbers of expert witnesses or to minimize the prospects for unnecessary, cumulative testimony.[2] Under Federal Rule of Evidence 403, the court may exclude evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

Plaintiff claims that Defendant Wilson should be limited to one expert witness because the two expert witnesses' reports are identical. In response, Defendant Wilson argues that it would create unfair

---

[1] *Knapp v. State Farm Fire & Cas. Co.*, Civ. A. No. 94-2420-EEO, 1995 WL 340991, at *2 (D. Kan. May 31, 1995).

[2] *Id.*

2

prejudice to limit him to one expert because the expert witnesses' reports are not the same, and by excluding the testimony of one expert witness the other expert witness' report would be lacking.

Plaintiff also argues that limiting the expert testimony will prevent any unfair advantage to Defendant Wilson at trial, and will save time and money for both parties. Defendant Wilson argues that having two expert witnesses with complimentary opinions on the matter does not give Defendant Wilson an unfair advantage over Plaintiff at trial. Defendant further argues that Plaintiff has the choice to depose one, all, or none of the experts during discovery; thus, Plaintiff has the choice of however much money he wants to spend. Plaintiff fails to show that having two expert witnesses presents an unfair advantage for Defendant Wilson. Plaintiff also fails to show that limiting the expert witnesses to one would save time and money.

Plaintiff further contends that limiting Defendant Wilson to one expert witness would shorten the trial time by preventing presentation of cumulative evidence. Plaintiff argues that Defendant Wilson's expert witness reports are the same. Defendant asserts that these experts will not present identical, but rather complementary, testimony. Defendant Wilson states the two experts' reports are not duplicative; inasmuch as each brings a different perspective from different fields of expertise.

After reviewing the reports, the Court finds the two reports are not identical. As the Tenth Circuit has noted, complex causation issues may necessitate expert witnesses with narrow, specialized areas of expertise within a larger general field.[3] After reviewing their qualifications and their respective reports, the Court finds that each of these experts has a different area of expertise. Dr. Barrett is an expert in rehabilitation medicine. Dr. McMaster is an expert in family and emergency medicine. The Court therefore

---

[3] *Nalder v. West Park Hosp.*, 254 F.3d 1168, 1174-75 (10th Cir. 2001).

3

finds no persuasive reason for limiting Defendant Wilson to one expert witness. The Court will deny the motion. If at trial it appears that Defendant Wilson's expert testimony is needlessly cumulative or unfairly prejudicial, Plaintiff may decide to object. The Court may exercise its discretion under Fed. R. Evid. 403 to exclude this testimony.

### III.  Request to Extend Deadline to Depose Expert Witnesses

Plaintiff also requests that the Court extend the deadline in which to depose the expert witnesses. Defendant Wilson does not object to extending the deadline to allow Plaintiff to depose one or both experts. Therefore, the Court grants an extension of the deadline to depose the expert witnesses to July 7, 2006.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Limit Number of Defendant Daniel Wilson, M.D.'s Experts to Avoid Cumulative Testimony and Unnecessary Expense and to Extend Deadline to Depose Defendants' Experts (doc. 80) is granted in part and denied in part. Plaintiff's request to limit the number of Defendant Wilson's expert witnesses is denied. Plaintiff's request for an extension of the deadline to depose the expert witnesses is granted. The deadline for conducting deposition of Defendant Wilson's expert witnesses is extended to **July 7, 2006**.

Dated in Kansas City, Kansas on this 5th day of June, 2006.

s/ Gerald L. Rushfelt

Gerald L. Rushfelt
United States Magistrate Judge

cc:     All counsel