**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| LARRY TREASTER, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 05CV2061JWL |
| ) | |
| HEALTHSOUTH CORPORATION, d/b/a ) | |
| MID-AMERICA REHABILITATION ) | |
| HOSPITAL, *et al.,* ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE
TO PRECLUDE DEFENDANT DANIEL R. WILSON, M.D. FROM
COMPARING THE FAULT OF SEPARATE
<u>DEFENDANT MID-AMERICA REHABILITATION HOSPITAL</u>**

**I.   Introduction and Procedural Background.**

On Friday, September 22, 2006, Plaintiff entered into a settlement agreement with separate defendant HealthSouth Corporation, d/b/a Mid-America Rehabilitation Hospital.  Prior to that date, it was obvious through lengthy discovery and the exchange of instructions and the verdict form among the parties that set the trial strategy and position of separate defendant Daniel R. Wilson, M.D., (hereinafter "defendant Wilson"), was to compare the fault of separate defendant Mid-America Rehabilitation Hospital to either eliminate and/or diminish his exposure to a jury verdict in favor of Plaintiff.

It is Plaintiff's contention that separate defendant Wilson no longer has this option and should be precluded from producing evidence, arguing

1

and/or submitting on the comparative fault of separate defendant Mid-America Rehabilitation Hospital for the following reasons.

## II. The Pretrial Order Precludes Defendant Wilson from Comparing the Fault of Separate Defendant Mid-America Rehabilitation Hospital.

In the pre-trial order for the above-styled cause, which supercedes any and all other pleadings, defendant Wilson does allege the comparative fault of separate defendant Mid-America as one of his defenses. (See Doc. 90 at p. 10, ¶ 10). However, defendant Wilson states and alleges in the pre-trial order that he intends to compare the fault of separate defendant Mid-America Rehabilitation Hospital based only "… on the allegations made by the Plaintiff as well as the evidence produced by the Plaintiff which can be found in Plaintiff's expert witness reports and depositions." (See Doc. 90 at p. 10, ¶ 10).

Due to Plaintiff's settlement with separate defendant Mid-America Rehabilitation Hospital and the current posture of this case, Plaintiff no longer intends to produce any evidence relative to the negligence and/or fault of separate defendant Mid-America Rehabilitation Hospital. Therefore, and since defendant Wilson did not state and/or indicate in the pre-trial order that he would adduce evidence of and/or show separate defendant Mid-America Rehabilitation Hospital's comparative fault other than through the evidence offered by the Plaintiff, (which is no longer part of the case), defendant Wilson cannot make a submissable case on the comparative

default of separate defendant Mid-America Rehabilitation Hospital. Therefore he should be precluded from presenting evidence, arguing, inferring and/or submitting any type of instructions or verdict form comparing the fault of separate defendant Mid-America Rehabilitation Hospital.

### III. Defendant Wilson Has Not, Nor Can He Present, Any Expert Medical Testimony to Establish the Comparative Fault of Separate Defendant Mid-America Rehabilitation Hospital.

It is axiomatic in a medical malpractice action such as the one at bar that in order for a party to compare the fault of another health care provider, expert medical testimony is required. It has come to the attention of Plaintiff that on today's date, Monday, September 25, 2006, defendant Wilson subpoenaed for trial Plaintiff's nursing expert, Lynda Watson, R.N., ostensibly for the purpose of presenting just such required expert testimony. The subpoena issued to Nurse Watson should be quashed and defendant Wilson should be precluded from presenting her as a witness in this case or any of her deposition testimony or reports for the simple reason that she was never designated by defendant Wilson as an expert who would offer expert opinion testimony in this case. (See Defendant Wilson's Expert Disclosures, attached as Exhibit A).

Furthermore, not only did defendant Wilson fail to specifically designate Nurse Watson, but he also failed to generally designate her as an expert witness who he intended to call at trial.

In paragraph two (2) of his expert disclosures, (Exhibit A) defendant Wilson states that, "In addition, Defendants may present treating physicians to present evidence under Rule 702, 703, and 705 of the Fed. R. of Evid. who have not been retained or specially employed to provide expert testimony."

Furthermore, in paragraph (3) of his disclosures, (Exhibit A), defendant Wilson further states that Defendants reserve the right to call any expert designated by another Defendant in this matter."

As shown above, Nurse Watson is not a treating physician and defendant Wilson did not cross-designate any of Plaintiff's experts in this cause. Accordingly, defendant Wilson should be precluded from calling Nurse Watson or any of Plaintiff's experts as his experts and/or presenting any of their deposition testimony or reports for purposes of, *inter alia,* establishing comparative fault on the part of separate defendant Mid-America Rehabilitation Hospital.

### IV. Defendant Wilson Cannot Argue Prejudice and/or Manifest Injustice if He is Precluded from Comparing the Fault of Separate Defendant Mid-America Rehabilitation Hospital.

As this court was advised at the last pre-trial hearing in this case, there have been two failed mediations where attempts were made to globally resolve this cause. However, the court was not informed, that at both mediations, separate defendant Mid-America Rehabilitation Hospital

4

did offer some money to settle Plaintiff's claims against it, whereas, defendant Wilson never offered a dime to settle at both mediations.

Therefore, defendant Wilson cannot argue surprise, prejudice or manifest injustice if he is prevented from amending the pre-trial order to delineate further evidence on which he intends to rely to support his comparative fault argument and/or submission beyond Plaintiff's evidence which is no longer going to be presented at the trial of this cause.  He further should be disallowed from amending his expert disclosures to designate Nurse Watson as an expert witness in order to make a submissible case on the comparative fault of separate defendant Mid-America Rehabilitation Hospital.  This is simply because due to the lengthy litigation of this case, as well as discussions and mediations that have taken place in this case up to today's date, Monday, September 25, 2006, the date before the trial in this cause is to commence, defendant Wilson cannot allege any type of surprise or prejudice that Plaintiff and separate defendant Mid-America Rehabilitation Hospital eventually reached a settlement of Plaintiff's claims against it.

**WHEREFORE**, and for all the foregoing reasons, Plaintiff prays the court to sustain his Motion in Limine and prevent defendant Daniel R. Wilson, M.D. from comparing the fault of separate defendant Mid-America Rehabilitation Hospital in any way whatsoever and for any and other further relief the court deems just and proper.

5

/s/ Joseph P. Masterson
Joseph P. Masterson, MO #37632, KS FED 77835
Watson & Dameron, LLP
2500 Holmes St.
Kansas City, MO 64108
(816) 474-3350
(816) 221-1636 (Fax)
jmasterson@kctriallawyers.com
**ATTORNEYS FOR PLAINTIFF**