IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**LARRY TREASTER,**

    **Plaintiff,**

    v.                              Case No.  05-2061-JWL

**HEALTHSOUTH CORPORATION d/b/a**
**MID-AMERICA REHABILITATION**
**HOSPITAL and DANIEL R. WILSON, M.D.,**

    **Defendants.**

_____

**MEMORANDUM AND ORDER**

This is a medical negligence case arising from a fall plaintiff Larry Treaster suffered while he was a patient at defendant HealthSouth Corporation d/b/a Mid-America Rehabilitation Hospital. Defendant Daniel R. Wilson, M.D., was plaintiff's treating physician as well as the hospital's medical director at the time of the fall. Plaintiff settled his claims against the hospital shortly before trial, then proceeded to trial on his claims against Dr. Wilson. The jury returned a verdict in favor of Dr. Wilson and the court entered judgment accordingly. This matter comes before the court on Plaintiff's Motion for Review of Taxation of Costs by Clerk (doc. # 189). For the reasons explained below, the court will allow plaintiff to file a supplemental brief along with documentation supporting plaintiff's claim of indigency. Plaintiff shall file these documents on or before **March 14, 2007**. Dr. Wilson may then file a supplemental response brief on or before **March 28, 2007**.

Federal Rule of Civil Procedure 54(d) provides that "[e]xcept when express provision therefor is made in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Whether a prevailing party shall be awarded costs is within the court's sound discretion. *Cantrell v. Int'l Bhd. of Elec. Workers*, 69 F.3d 456, 458 (10th Cir. 1995) (en banc). This discretion is constrained in two ways: first, Rule 54 creates a presumption that the district court will award costs to the prevailing party and, second, the court must provide a valid reason for not awarding costs to a prevailing party. *Id.* at 458-59. The non-prevailing party has the burden to overcome the presumption in favor of awarding costs. *Rodriquez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004).

In plaintiff's motion for review of the clerk's taxation of costs, plaintiff argues, among other things, that the court should deny costs entirely because of plaintiff's indigency and the close and difficult nature of the case. The Tenth Circuit has indeed suggested that these may serve as valid reasons for denying costs. *Cantrell*, 69 F.3d at 459 (noting that the Seventh Circuit has held that it is not an abuse of discretion for the district court to deny costs where the non-prevailing party is indigent and that the Sixth Circuit has held that a district court may deny a motion for costs if the issues are close and difficult); *see also Rodriquez*, 360 F.3d at 1190 (citing *Cantrell* for the proposition that other circuits have recognized that the indigent status of the non-prevailing party and the presentation of issues that are close and difficult are both circumstances in which a district court may deny costs). Following the Tenth Circuit's lead that the indigency exception derives from case law from the Seventh

2

Circuit, the court will look to the law of the Seventh Circuit in evaluating plaintiff's claim of indigency. The Seventh Circuit has held that in denying costs based on this basis, the court should first "make a threshold factual finding that the losing party is incapable of paying the court-imposed costs at this time or in the future." *Rivera v. City of Chicago*, 469 F.3d 631, 635 (7th Cir. 2006) (quotation omitted). The non-prevailing party has the burden of providing the court with sufficient documentation to support such a finding. *Id.* "This documentation should include evidence in the form of an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses." *Id.* "Second, the district court should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised"[1] in deciding whether to deny costs. *Id.* Again, the non-prevailing party has the burden to establish that he or she is entitled to the benefit of the indigency exception. *Id.*

It is the court's recollection from the evidence presented at trial and statements made by counsel that Mr. Treaster's financial circumstances are dire given the impact of his various injuries on his ability to work. The problem with Mr. Treaster's claim that costs should be denied based on his indigency, however, is that he has not provided the court with an adequate factual record from which this court could make a finding that he is in fact

---

[1] The court is not persuaded by plaintiff's argument that the court should deny costs solely based on the close and difficult nature of the case, but this may be a factor in the court's indigency analysis. The court does not believe that it needs the benefit of further briefing from the parties on the issue of the extent to which this was a close and difficult case.

3

indigent and unable to pay Dr. Wilson's costs of this action. All that Mr. Treaster has presented are bare assertions by his attorney that he is permanently and totally disabled and that his income is limited to worker's compensation disability of $373.99 per week and a nominal amount of monthly social security disability benefits. In response, Dr. Wilson contends that plaintiff's worker's compensation income as well as his social security benefits (in an undisclosed amount) do not amount to a paltry sum and, additionally, Dr. Wilson points out that plaintiff failed to mention in his brief that he received a settlement from the co-defendant hospital in this case, the implication being that the settlement would enable him to pay Dr. Wilson's costs of this action. Ultimately, the court is guided by the principle that the denial of costs "is in the nature of a severe penalty, and there must be some apparent reason to penalize the prevailing party if costs are to be denied." *Rodriquez*, 360 F.3d at 1190 (quotations omitted). Having failed to provide more detailed, comprehensive, and meaningful information from which the court could truly evaluate Mr. Treaster's financial status, the court is unable to make a finding that he is indigent so as to support the denial of costs to Dr. Wilson.

Out of an abundance of caution and a desire to devote careful attention to Mr. Treaster's claim of indigency, the court will grant plaintiff leave to submit a supplemental brief along with documentation supporting his claim of indigency. In doing so, plaintiff should be guided by the principles above as set forth by the Seventh Circuit. Plaintiff may

file these documents on or before **March 14, 2007**.[2]  Dr. Wilson may file a response brief on or before **March 28, 2007**.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Review of Taxation of Costs by Clerk (doc. #189) is taken under advisement pending further briefing by the parties.

**IT IS SO ORDERED** this 28th day of February, 2006.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

[2] To the extent that plaintiff wishes to protect the confidentiality of the settlement with the hospital, plaintiff may wish to seek leave to submit that particular information under seal.